UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CORY D. HUBBARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 12-10206-FDS |
| COMMONWEALTH OF MASSACHUSETTS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER
## ON PETITION FOR HABEAS CORPUS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Cory D. Hubbard is an inmate at the Federal Correctional Institution (FCI) - McKean in Bradford, Pennsylvania. He contends that his guilty plea to state criminal charges in 1998 was not knowing and voluntary. Respondent contends the petition should be dismissed on three grounds: (1) because the one-year limitation period for filing such petitions has expired; (2) because petitioner is not in state custody; and (3) because he has not named the proper respondent. For the reasons set forth below, the petition will be dismissed.

**I.     Background**

On September 21, 1998, Cory D. Hubbard pleaded guilty in Massachusetts state court to two counts of possession of a Class A substance with intent to distribute or manufacture; two counts of possession of a Class B substance with intent to distribute or manufacture; one count of possession of a Class D substance with intent to distribute, manufacture, or cultivate; and two counts of conspiracy to violate the controlled substance laws. He was sentenced to three years'

imprisonment.

On November 18, 1998, Hubbard filed a "Motion to Revise and Revoke His Sentence and a Motion to Appoint Counsel." Those motions were denied on December 1 of that year.

On March 17, 2005, through a new attorney, Hubbard filed a "Motion to Vacate and Withdraw Guilty Plea." That motion was denied six days later by the judge who had accepted the guilty plea.

On October 5, 2005, through another attorney, petitioner filed an "Amended Motion to Withdraw Guilty Plea and for a New Trial" in the same court. That motion was denied December 1 of that year.

On August 15, 2007, through yet another attorney, Hubbard filed a "Motion for Reconsideration of the Motion to Vacate Guilty Pleas" and a "Motion for a New Trial." Those motions were again denied.

Hubbard then sought further review in the Massachusetts Appeals Court. *Commonwealth v. Hubbard,* 74 Mass. App. Ct. 1120 (2009) *rev'd*, 457 Mass. 24 (2010). In a brief opinion, the Massachusetts Appeals Court reversed the trial court's denial of the motions on the grounds that the trial court had failed to obtain a written waiver of the defendant's constitutional rights. *Id.*

The Commonwealth then appealed this decision to the Supreme Judicial Court of Massachusetts. *Commonwealth v. Hubbard*, 457 Mass. 24 (2010). On May 27, 2010, the SJC reversed the Appeals Court, affirming the trial court's denial of the motions. *Id.* The SJC held that a *written* waiver of constitutional rights under these circumstances was not necessary for a guilty plea to be valid. *Id.*

On January 26, 2012, Hubbard filed a petition for a writ of habeas corpus in this Court. He contends that he is entitled to relief because his guilty pleas were not voluntarily, knowingly, or intelligently made.

Respondent has moved to dismiss for three reasons: (1) failure to comply with statute of limitations; (2) failure to meet the statutory requirement of custody; and (3) failure to name the proper respondent. Each reason for dismissal will be discussed in turn.

## II.     Analysis

### A.     Statute of Limitations

Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>>
>> (B) *the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action*;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) *The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

28 U.S.C. § 2244 (emphasis added). While § 2244(d)(2) allows properly filed applications for state collateral or post-conviction relief to toll the limitation period, it does not allow petitioners to reset or revive expired limitations periods by seeking state collateral or post-conviction relief after the period has expired. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005).

In this case, petitioner did nothing to challenge his convictions for more than six years. He pleaded guilty on September 21, 1998. Two months later, he filed two motions, which were denied in December of that year. He next took action to challenge his convictions on March 17, 2005.

Contrary to petitioner's assertions, the fact that he was able to revive his challenge in the state court system several years after he pleaded guilty does *not* suggest that his judgment was still pending for purposes of federal habeas relief. *See Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 103 (D. Mass. 2001). Simply because a state does not have a statute of limitations for various forms of collateral or post-conviction relief does not mean that the statute of limitations for federal relief has not expired. *See Balsewicz v. Kingston,* 425 F.3d 1029, 1034 (7th Cir. 2005); *Brown v. Langley*, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004); *Williams v. Breslin*, 274 F. Supp. 2d 421, 427 (S.D.N.Y. 2003). The Massachusetts rule that allowed petitioner to move for a new trial has no time limit. For that reason, petitioner was able to attack his conviction several years after the opportunity for direct review had passed. But the lack of a time limit is irrelevant to determining whether the limitations period has expired for federal habeas purposes, because the Massachusetts rule deals with the collateral or post-conviction review process. *See* Mass. R.

Crim. P. 30(b).[1]  The "direct review" process is the relevant event for when the habeas limitations period begins.  28 U.S.C. §2244(d)(1)(a).

Here, direct review, and the opportunity for further direct review, ended some period of time after petitioner pleaded guilty and failed to challenge his convictions on direct appeal.  *See Commonwealth v. Cabrera*, 449 Mass. 825, 830 (Mass. 2007) (holding that "a guilty plea, once accepted, leads to a final judgment of conviction").  When that period expired, the federal limitations period then began to run.  That period, in turn, had expired by late 1999.  By the time petitioner filed new motions in 2005, the limitations period had expired and could not be revived.  *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005).   The subsequent review of those motions by the Appeals Court and the SJC did nothing to revive his expired federal habeas claim.         In short, petitioner's ability to bring motions for post-trial relief in state court, more than six years after pleading guilty, does not alter the fact that time for seeking federal habeas relief had long since passed.

### 1. **Statutory or Equitable Tolling**

Although the limitations period has clearly run, statutory or equitable tolling may be available to petitioner.  In arguing for statutory tolling, petitioner appears to be relying on § 2244(d)(1)(B) ("The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.").  The analysis for the statutory "state-created impediment" tolling largely mirrors equitable tolling in this context.  *See Moore v. Battaglia*,

---

[1] "The trial judge upon motion in writing may grant a new trial *at any time* if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law." *Id.* (emphasis added).

476 F.3d 504, 507 (7th Cir. 2007); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). To be entitled to equitable or statutory tolling, Hubbard has to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Holland v. Florida*, 130 S. Ct. 2549 (2010); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  Bare allegations of lack of access to personal or legal documents are not enough. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Patrick v. Phelps*, 764 F. Supp. 2d 669, 673 (D. Del. 2011). "The burden lays with petitioner to establish the entitlement to equitable tolling." *Sorce v. Artuz*, 73 F. Supp. 2d 292, 299 (E.D.N.Y. 1999).

Petitioner states two reasons for why he should be entitled to equitable tolling: (1) he contends that he was unable to access to his personal property, including legal documents, due to a temporary transfer (from June 2009 to April 2011) to another facility, and (2) he contends that he was not aware of the SJC decision until February 15, 2011.

Focusing on the first part of the test, petitioner's failure to take *any* action during the period from the end of 1998 till early 2005 demonstrates a lack of diligence in pursuit of his rights, and makes this case inappropriate for the unusual remedy of statutory or equitable tolling. *See Holland*, 130 S. Ct. at 2563.  Moreover, he has not alleged any reason for the lengthy delay between his 1998 motions and his 2005 motions.

Furthermore, his two grounds for delay cover only a fraction of the time period, and do not provide compelling reasons for tolling the limitations period in their own right.  He alleges that during the transfer all his "personal property, legal work, and papers remained" in the federal prison "and thus were unavailable to him" for more than a year. *See* (Doc. 1 at 13). However, he does not allege that he took any affirmative steps at all to secure the documents he

needed to pursue his petition.  Even assuming that his 22-month prison transfer constitutes an "extraordinary circumstance" that prevented him from timely filing, his failure to take any efforts on his own to overcome that circumstance does not satisfy the first prong requirement of diligent pursuit of his rights.  *See Lawrence*, 549 U.S. at 336.

Moreover, the fact that he contends he was not aware of the SJC decision until more than six months after the decision was released clearly does not constitute "extraordinary circumstances" that would have "prevented timely filing."  *See id.*  In fact, it further emphasizes the his failure to exercise diligence in pursuing his rights.

In sum, "[t]he difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances," nor do they alleviate petitioner's own personal responsibility to pursue the enforcement of his rights.  *See Gant v. Goord*, 430 F. Supp. 2d 135, 139 (W.D.N.Y. 2006).  Accordingly, petitioner is not entitled to statutory or equitable tolling, and his petition should be dismissed as time-barred.

### B. <u>Custody Requirement</u>

In addition to failing to comply with the statute of limitations, petitioner cannot satisfy the requirement of state custody.  *See* 28 U.S.C. § 2254(a).  Section 2254 provides that " . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court . . . .*" 28 U.S.C. § 2254(a) (emphasis added).  Thus, "[t]he first showing a § 2254 petitioner must make is that he is in custody pursuant to the judgment of a State court." *Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 401 (U.S. 2001).  "While we have very liberally construed the "in custody" requirement for purposes of federal

habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

At the time of filing, petitioner was not in custody pursuant to the state court judgment he attacks; rather, he was in custody pursuant to a separate federal court judgment, which he explicitly does not attack. His three-year sentence of imprisonment for the state court judgment he attacks has been served. In light of the plain meaning of the statute, petitioner has clearly failed the requirement that he be in state custody.

### C. Proper Respondent

The third and final reason for dismissal is likely also valid because the Commonwealth of Massachusetts is not the person holding the petitioner in custody. *See* 28 U.S.C. § 2243. However, the petitioner would likely be permitted to amend the petition to name the proper respondent. The two primary reasons for dismissal are sufficient to dismiss this petition, so no further discussion is necessary.

## III. Conclusion

In light of the foregoing analysis, the Court has concluded that no evidentiary hearing is required. The petition should be dismissed for failing to comply with the statute of limitations and for failing to meet the custody requirement. Accordingly, the petition is hereby dismissed.

**So Ordered.**

Dated: November 1, 2012

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge